MANDATE



Case 7:17-cv-07385-NSR   Document 60   Filed 11/29/21   Page 1 of 4

N.Y.S.D. Case # 17-cv-7385(NSR)
19-2771-cv
A.L.M. v. Board of Managers of the Vireum Schoolhouse Condominium

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 4th day of November two thousand twenty-one.

Present:    ROSEMARY S. POOLER,
            EUNICE C. LEE,
                *Circuit Judges*.
            PAUL A. ENGELMAYER,[1]
                *District Judge*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Nov 29 2021

_____

A.L.M., A MINOR, BY AND THROUGH HER PARENT
AND GUARDIAN, SCOTT M. MOORE, SCOTT M. MOORE,

          *Plaintiffs-Appellants*,

v.                                                          19-2771-cv

BOARD OF MANAGERS OF THE VIREUM SCHOOLHOUSE
CONDOMINIUM,

          *Defendant-Appellee*.

_____

Appearing for Appellants:    Scott M. Moore, Moore International Law PLLC, New York, N.Y.

---

[1] Judge Paul A. Engelmayer, United States District Court for the Southern District of New York, sitting by designation.

MANDATE ISSUED ON 11/29/2021

| | |
|---|---|
| Appearing for Appellee: | William H. Bave, Wilson, Bave, Conboy, Cozza & Couzens, P.C., White Plains, N.Y. |

Appeal from the United States District Court for the Southern District of New York (Román, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

     A.L.M. appeals from the August 2, 2019 judgment of the United States District Court for the Southern District of New York (Román, *J.*) granting the motion for summary judgment made by Board of Managers of the Vireum Schoolhouse Condominium ("Board"). A.L.M. sued, asserting claims under the Fair Housing Act ("FHA") and Civil Rights Act ("CRA"). A.L.M. alleged that the Board discriminated against her on the basis of her race, sex, age, and national origin. A.L.M. asserted a post-acquisition hostile housing environment claim under Sections 3604 and 3617 of the FHA, as well as claims under Sections 1981 and 1982 of the CRA, which prohibit racial discrimination in making and enforcing contracts and in the purchase of, sale of, and actions relating to, real and personal property. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

     A plaintiff bringing a post-acquisition hostile housing environment claim under Section 3617 of the FHA "must plead and prove (1) that she was subjected to harassment that was sufficiently pervasive and severe so as to create a hostile housing environment; (2) that the harassment was because of the plaintiff's membership in a protected class; and (3) that a basis exists for imputing the allegedly harassing conduct to the landlord." *Pierre v. Lantern Grp. Found., Inc.*, No. 14-CV-8449 (JMF), 2016 WL 3461309, at *2 (S.D.N.Y. June 20, 2016). "Whether hostile environment harassment exists depends upon the totality of the circumstances." 24 C.F.R. § 100.600(a)(2)(i). The "[f]actors to be considered . . . include . . . the nature of the conduct, the context in which the incident(s) occurred, the severity, scope, frequency, duration, and location of the conduct, and the relationships of the persons involved." *Id.* § 100.600(a)(2)(i)(A). "Whether unwelcome conduct is sufficiently severe or pervasive . . . is evaluated from the perspective of a reasonable person in the aggrieved person's position." *Id.* § 100.600(a)(2)(i)(C).

     Here, the district court set out two independent grounds for its dismissal of A.L.M.'s hostile housing environment claim.

     First, the district court determined that A.L.M. failed to raise a question of material fact as to whether a hostile housing environment existed. It noted that the only instances of alleged conduct that could be attributed to the Board, one of the Board's members, or a Vireum resident acting in concert with the Board were the pattern of banging, stomping, and scraping noises coming from the unit above the unit occupied by A.L.M. and her family ("Moore Family"), and the pattern of behavior in which Vireum residents would intersect, come unwantedly close to, or temporarily block, Moore Family members as they came to or from their unit ("Intersecting Behavior"). We are unpersuaded, however, that a reasonable juror could not find that the Moore Family experienced a pervasive and severe hostile housing environment. There was evidence— acknowledged by the district court—that the noises from the upstairs unit were "excessive" and

frequent; that, in 2010, after several years enduring such alleged harassment, the Moores hired a private investigator to assist them; that Scott Moore later commenced a log that came to chronicle more than 100 instances of Intersecting Behavior; that, on at least four occasions, packages of the Moore Family's had been damaged, but no other Vireum resident's had been; that the Moore Family's car had been damaged; and that the Moore Family moved out of the unit in 2012.

However, even assuming that the evidence raised a material issue of fact as to whether the challenged conduct was sufficiently pervasive or severe, A.L.M. fails to adduce evidence sufficient to establish that the harassment occurred because of her membership in a protected class—as the district court held in the second basis for its ruling. A.L.M.'s claim was that the hostile behavior was directed at her on account of her Chinese race and national origin, as well as her sex and age. The record lacks any evidence of direct discrimination. "When, as here, a plaintiff brings a claim under the FHA that does not rest on direct evidence of landlord discrimination, we analyze the claim under the familiar *McDonnell Douglas* burden-shifting framework first developed in Title VII cases. Plaintiffs have specific, 'reduced' pleading burdens in cases subject to the *McDonnell Douglas* analysis." *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 73 (2d Cir. 2021) (citations and footnote omitted). A plaintiff must plausibly allege that she "(1) is a member of a protected class, (2) suffered an adverse action, and (3) has at least minimal support for the proposition that the housing provider was motivated by discriminatory intent." *Id.* (cleaned up) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)).

A.L.M. argues that John Mulazzi and Thomas Elders' discriminatory intent can be inferred because (1) Mulazzi made faces at A.L.M. on two occasions after A.L.M. moved into the Vireum; (2) Mulazzi allegedly identified the Moore "family" as the target of his harassment, rather than just Scott Moore individually; and (3) A.L.M. and her family were the only residents suffering the noise and Intersecting Behavior. In their testimony, members of the Moore Family suggest that the harassment was occurring on account of A.L.M.'s protected status. But these conclusory assertions, particularly in self-serving testimony, cannot give rise to a reasonable inference of discriminatory animus. *See Haber v. ASN 50th St. LLC*, 847 F. Supp. 2d 578, 586 (S.D.N.Y. 2012) ("However, conclusory allegations of this nature alone cannot support a prima facie case of housing discrimination."). To hold that A.L.M. raised a question of material fact as to discriminatory intent on these facts would require this Court to make an impermissible "speculative inference" that the alleged conduct occurred because of racial, or otherwise discriminatory, animus. *Francis*, 992 F.3d at 74.

To the contrary, the record contains ample evidence of non-discriminatory reasons for the harassing conduct toward the Moore Family. Among other things, there was evidence of long-standing antagonistic relations between Scott Moore and the Board relating to the operation of the building. The record includes, for example, email exchanges with the Board in which the Moores attempted to limit Vireum residents' use of the condominium's common areas, such as prohibiting them from gardening in front of the Moore Family's unit, limiting the use of their parking spots, or standing in the parking area. Those exchanges indicate that the personal relations between the Moores and the Vireum Board and residents had irreparably broken down, for reasons independent of A.L.M.'s race and national origin or other protected characteristics.

A.L.M.'s CRA claims fail for similar reasons. Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Section 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." *Id.* § 1982. To establish a claim under these sections, a plaintiff must prove "the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993). As with A.L.M.'s claims under the FHA, she has not presented evidence sufficient to raise a question of fact as to whether her race, national origin, sex, or age was a motivating factor in any of the alleged conduct.

We have considered the remainder of A.L.M.'s arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED. Each side to bear its own costs.

<div style="text-align: right;">
FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk
</div>

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

4